1
2
3
4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

5
6
7
8
9
10
11

RENAE K. B.,

                    Plaintiff,

        v.

COMMISSIONER OF SOCIAL
SECURITY,

                    Defendant.

Case No. 2:21-cv-01039-TLF

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

12          Plaintiff has brought this matter for judicial review of defendant's denial of her

13   application for disability insurance benefits ("DIB").

14          The parties have consented to have this matter heard by the undersigned

15   Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule

16   MJR 13.

17                          I.        ISSUES FOR REVIEW

18   A. Did the ALJ Properly Evaluate the Medical Opinion Evidence?

19   B. Did the ALJ Properly Evaluate Plaintiff's Subjective Testimony?

20                          II.        BACKGROUND

21          On August 3, 2018, Plaintiff filed an application for DIB, alleging a disability onset

22   date of August 1, 2017. Administrative Record ("AR") 17. The alleged onset date was

23   later amended to December 1, 2018. AR 38. Plaintiff's application was denied upon

24   official review and upon reconsideration. AR 84, 89. A hearing was held before

25

1   Administrative Law Judge ("ALJ") Chris Stuber on March 4, 2020. AR 34–64. On

2   December 29, 2020, the ALJ issued a decision finding that Plaintiff was not disabled.

3   AR 14–39. On June 4, 2021, the Social Security Appeals Council denied Plaintiff's

4   request for review. AR 1–6.

5           Plaintiff seeks judicial review of the ALJ's decision. Dkt. 6.

6                              III.  STANDARD OF REVIEW

7           Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's

8   denial of Social Security benefits if the ALJ's findings are based on legal error or not

9   supported by substantial evidence in the record as a whole. *Revels v. Berryhill*, 874

10  F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "such relevant evidence as a

11  reasonable mind might accept as adequate to support a conclusion." *Biestek v.*

12  *Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

13                             IV. DISCUSSION

14          In this case, the ALJ found that Plaintiff had the severe, medically determinable

15  impairments of fibromyalgia, migraines, degenerative disc disease of the cervical spine,

16  degenerative disc disease of the lumbar spine (status-post L5-S1 microdiscectomy),

17  coccyx joint dysfunction, major depressive disorder, anxiety, and attention deficit

18  hyperactivity disorder. AR 19. Based on the limitations stemming from these

19  impairments, the ALJ found that Plaintiff could perform a reduced range of light work.

20  AR 22. Relying on vocational expert ("VE") testimony, the ALJ found at step four that

21  Plaintiff could not perform her past relevant work, but could perform other light, unskilled

22  jobs at step five of the sequential evaluation; therefore, the ALJ determined at step five

23  that Plaintiff was not disabled. AR 26–28.

24

25

1

A. <u>Whether the ALJ Properly Evaluated the Medical Opinion Evidence</u>

2

       Plaintiff assigns error to the ALJ's evaluation of medical opinions from state

3

agency medical consultants Debra Baylor, M.D., and Norman Staley, M.D., as well as

4

treating physician Jennifer Barber, D.O. Dkt. 16, pp. 2–13.

5

       1. Standard of Review

6

     Because plaintiff filed her disability claim after March 27, 2017, updated regulations

7

for evaluating medical opinion evidence apply. *Revisions to Rules Regarding the*

8

*Evaluation of Medical Evidence* ("*Revisions to Rules*"), 2017 WL 168819, 82 Fed. Reg.

9

5844, at *5867–68 (Jan. 18, 2017). The Ninth Circuit considered the 2017 regulations in

10

*Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022). The Court found that "the requirement

11

that ALJ's provide "specific and legitimate reasons"[1] for rejecting a treating or examining

12

doctor's opinion…is incompatible with the revised regulations" because requiring ALJ's

13

to give a "more robust explanation when discrediting evidence from certain sources

14

necessarily favors the evidence from those sources."  *Id.* at 6. Under the 2017

15

regulations,

16

>      an ALJ cannot reject an examining or treating doctor's opinion as

17

> unsupported or inconsistent without providing an explanation supported by substantial evidence. The agency must "articulate ... how persuasive" it finds "all of the medical opinions" from each doctor or other source, 20

18

> C.F.R. § 404.1520c(b), and "explain how [it] considered the supportability and consistency factors" in reaching these findings, *id.* § 404.1520c(b)(2).

19

> *Id.*

20

     An ALJ may not dismiss a medical opinion without providing an explanation for

21

doing so:

22

23

---

[1] *See Murray v. Heckler,* 722 F.2d 499, 501 (9th Cir. 1983) (describing the standard of "specific and legitimate reasons").

24

25

> To say that medical opinions are not supported by sufficient objective
> findings or are contrary to the preponderant conclusions mandated by the
> objective findings does not achieve the level of specificity our prior cases
> have required, even when the objective factors are listed seriatim. The
> ALJ must do more than offer [their] own conclusions. [The ALJ] must set
> forth [their] own] own interpretations and explain why they, rather than the
> doctors', are correct.

*Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1299 (9th Cir. 1999)

(citation omitted). An ALJ must provide sufficient reasoning for federal courts to engage

in meaningful appellate review. *See Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir.

1991) (explaining that "a reviewing court should not be forced to speculate as to the

grounds for an adjudicator's rejection" of certain evidence).

### 2. Opinions of Drs. Baylor and Staley

On April 28, 2019, Disability Determination Services ("DDS") consultant Debra

Baylor, M.D., reviewed Plaintiff's records and authored an opinion on Plaintiff's residual

functional capacity ("RFC"). AR 93–94. Dr. Baylor opined that Plaintiff would be limited

to lifting and carrying 20 pounds occasionally and 10 pounds frequently; and could

either stand and walk or sit down for a total of six hours, each, in an eight-hour workday.

*Id.* In addition, she opined that Plaintiff could occasionally climb ramps and stairs, climb

ladders and scaffolds, and stoop or crawl, but could frequently kneel and crouch.

Finally, she found that Plaintiff would need to alternate sitting and standing as needed

up to every half hour. AR 94.

On December 5, 2019, DDS consultant Norman Staley, M.D., reviewed Plaintiff's

records and authored his own opinion on Plaintiff's RFC as part of the reconsideration

disability determination: AR 109–11. Dr. Staley's opinion was similar to Dr. Baylor's,

particularly regarding Plaintiff's lifting and carrying limitations; total time spent sitting or

standing and walking per day; Plaintiff's ability to climb ramps, stairs, stoop, kneel, crouch, or crawl; and Plaintiff's need to alternate sitting and standing. *Id.* But, Dr. Staley also found Plaintiff was limited to frequent balancing, no climbing of ladders, ropes, or scaffolds; and could not tolerate concentrated exposure to extreme cold or vibration or moderate exposure to hazards, including operating heavy machinery or working at heights. *Id.*

The ALJ found both opinions persuasive, finding, in part, that the opinions were "consistent with [Plaintiff]'s subjective complaints regarding worsened pain with prolonged sitting that is improved with standing and moving." AR 25–26. The ALJ did not, however, include a requirement that Plaintiff be able to alternate sitting or standing in the RFC determination. AR 25.

The ALJ "need not discuss all evidence presented." *Vincent ex rel. Vincent v. Heckler*, 739 F.3d 1393, 1394–1395 (9th Cir. 1984). However, the ALJ "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570–571 (9th Cir. 1995) (*quoting Vincent*, 739 F.2d at 1395). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Flores*, 49 F.3d at 571.

On appeal, the Commissioner asserts that the ALJ was not required to account for the specific requirement that Plaintiff had a sit/stand option, "because the ALJ accounted for Plaintiff's complaints of pain and discomfort in her back from prolonged sitting by restricting her to light exertional work, which requires less sitting." Dkt. 17, p. 6. In addition, the Commissioner asserts that any error in omitting this limitation was harmless, because two of the three representative occupations that the VE identified included a sit/stand option. Dkt. 17, p. 7.

1    The assertion that the ALJ accounted for the need to alternate sitting and

2    standing every 30 minutes by restricting her to work that "requires less sitting" is

3    foreclosed by Social Security Ruling ("SSR") 96-9p, which provides that the ALJ's RFC

4    assessment "must be specific as to the frequency of the individual's need to alternate

5    sitting and standing." SSR 96-9p, 1996 WL 374185, at *7; *see also Arnett v. Astrue*, 676

6    F.3d 586, 593–94 (7th Cir. 2012). The ALJ failed to comply with this requirement for

7    specificity.

8    Nor was the ALJ's error harmless. An error is harmless only if it is not prejudicial

9    to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination."

10   *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). As Plaintiff

11   persuasively notes in her reply brief, the VE's identification of jobs that Plaintiff could

12   perform was predicated on the ALJ's hypothetical, which limited Plaintiff to six hours of

13   standing and walking in an eight-hour workday. *See* Dkt. 18, p. 3. Were Plaintiff

14   required to alternate sitting and standing every 30 minutes, she could be limited to

15   standing and walking for only half of the workday. *Id.* The ALJ's omission of an explicit

16   finding regarding how often Plaintiff would need to change positions, thus, cannot be

17   said to be inconsequential to the ultimate disability determination. *Stout*, 454 F.3d at

18   1055.

19   3. Opinion of Jennifer Barber, D.O.

20   On February 25, 2020, Plaintiff's treating physician, Dr. Barber, authored a letter

21   in support of her disability application. AR 694–95. Therein, she stated that she was

22   "intimately aware of [Plaintiff's] medical conditions," which she identified as attention

23   deficit disorder, anxiety, chronic bilateral low back pain with left-sided sciatica,

24

25

1    fibromyalgia, moderate recurrent major depressive disorder, gastroesophageal reflux

2    disease, a history of basal cell carcinoma, long-term current use of opiate analgesic,

3    migraine with aura and without status migrainosus, not intractable; and sleep-related

4    bruxism. AR 695. Concluding, Dr. Barber stated that "[d]ue to the severity and

5    frequency of flare ups of these medical conditions, [Plaintiff] has been unable to sustain

6    gainful employment." AR 694.

7            The ALJ found that this opinion

8            simply states that the claimant "has been unable to sustain gainful
             employment" but offers no assessment of her functional capacity. Notably,
9            it is unclear if this letter even conveys a medical opinion or instead just
             states the fact that the claimant has subjectively reported that she cannot
10           work. This letter does not offer an assessment of the claimant's functional
             capacity and an opinion that she is unable to work is conclusory and not
11           supported by the treatment notes documenting fair range of motion, intact
             strength, and an ability to move around independently, and is inconsistent
12           with the claimant's reported improvement with medication.

13   AR 26–27.

14           A finding that a medical opinion does not contain specific functional limitations, or

15   is otherwise too vague to be useful in making a determination, can serve as a valid

16   reason for discounting that opinion. *See Meanel v. Apfel*, 172 F.3d 1111, 1114 (9th Cir.

17   1999) (holding that statement that the plaintiff would have "decreased concentration

18   skills" was too vague to be useful in the disability determination). Here, Dr. Barber's only

19   statement regarding functional limitations was that Plaintiff "has been unable to sustain

20   gainful employment." AR 848. The ALJ properly found that the lack of clear definitions

21   for such terms rendered Dr. Barber's opinions about Plaintiff's abilities unhelpful to the

22   RFC determination. *See Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) ("[T]he ALJ

23   determined that Dr. Zipperman did not provide useful statements regarding the degree

24

25

of [the claimant's] limitations. Here, the ALJ found that Dr. Zipperman's descriptions of [the claimant's] ability to perform in the workplace as "limited" or "fair" were not useful because they failed to specify ["the claimant's] functional limits. Therefore, the ALJ could reasonably conclude these characterizations were inadequate for determining RFC."); *Meanel*, 172 F.3d at 1114.

Because the ALJ provided a valid reason for finding Dr. Barber's opinion unpersuasive, the Court need not address the ALJ's other reasons, as any error would be harmless. *See Batson v. Commissioner of Social Security*, 359 F.3d 1190, 1197 (9th Cir. 2004) (concluding that even if record did not support one stated reason for discounting claimant's testimony, any error was harmless).

B. Whether the ALJ Properly Evaluated Plaintiff's Statements Regarding Symptom Severity

Plaintiff also assigns error to the ALJ's evaluation of her subjective testimony regarding her symptoms. *See* Dkt. 16, p. 13.

The ALJ's determinations regarding a claimant's statements about severity of symptoms and limitations "must be supported by specific, cogent reasons." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (*citing Bunnell v. Sullivan*, 947 F.2d 341, 343, 346–47 (9th Cir. 1991).  In evaluating a claimant's allegations of severe symptoms and limitations, the ALJ cannot rely on general findings – the ALJ must specify  testimony that is not credible, and identify the evidence that does not support plaintiff's complaints. *Reddick*, 157 F.3d at 722 (citations omitted). An ALJ may discount a claimant's testimony based on daily activities that either contradict their testimony or that meet the threshold for transferable work skills. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007);

*Reddick*, 157 F.3d at 722 ("Only if the level of activity were inconsistent with Claimant's claimed limitations would these activities have any bearing on Claimant's credibility.").

In a symptom report dated April 18, 2019, Plaintiff alleged she could only lift five to ten pounds at a time; bending, standing, reaching or sitting hurt her back; migraines caused pain and nausea that interrupted her at work; and in her last job she had required a special chair, desk, heating pad, ice, and arm braces. AR 223, 228. Plaintiff also stated that pain kept her awake at night, she required medication to sleep, and she struggled with basic self-care tasks. AR 224. Plaintiff stated that she did not leave her trailer park for more than a few times a month and her trips were limited to buying groceries and using the laundromat. AR 225. Finally, Plaintiff stated that her attention deficit disorder and fibromyalgia affected her speech, memory, concentration, and ability to complete tasks. AR 228.

At the hearing, Plaintiff testified to suffering constant pain, which she treated with injections that provided only a week's worth of relief. AR 43–44. According to Plaintiff, she could sit for only 10 to 15 minutes at a time with the help of a cushion before experiencing a pain flare, and would not be able to perform a job even if it allowed her to sit or stand at will. AR 51, 54–57. Plaintiff stated that at her last job, she was calling in sick once a week. AR 46.

The ALJ found Plaintiff's statements to be inconsistent with (1) evidence of improvement with treatment; (2) evidence that Plaintiff successfully worked in the past despite her impairments; and (3) Plaintiff's treatment records. AR 23–25.

With respect to the ALJ's first reason, an ALJ may discount an opinion as inconsistent with the record as a whole including evidence the claimant's condition

1   improved and stabilized with treatment. *See Batson v. Commissioner of Social Security*,

2   359 F.3d 1190, 1195 (9th Cir. 2004) ("Generally, the more consistent an opinion is with

3   the record as a whole, the more weight we will give that opinion). "Occasional symptom-

4   free periods—and even—the sporadic ability to work—are not inconsistent with

5   disability." *Lester v. Chater*, 81 F.3d 821, 833 (9th Cir. 1995). Here, the ALJ noted that

6   Plaintiff reported significant improvement when administered medial branch nerve block

7   injections and pain medications. AR 23–25 (citing AR 443, 450, 496, 505).

8       The ALJ relied on portions of the medical record, but ignored context. *See*

9   *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001) (statements of a physician

10   must be "read in context of the overall diagnostic picture").

11       For example, in a July 2018 follow-up visit after Plaintiff's nerve block injections,

12   Plaintiff's treating provider noted that Plaintiff "report[ed] that [. . .] at this point the low

13   back pain has only come back mildly. She still has a lot of neck and upper back and

14   intrascapular pain. It can lead to more headaches and migraines. It can be painful with

15   any pressure over the tissues. She continues to [have] bilateral arm and hand

16   numbness especially at night and sense of bilateral hand weakness." AR 496.

17       And, in December 2018, her treating provider noted that "[m]edicine does make

18   [Plaintiff] more functional[,]" but also noted Plaintiff's [o]ngoing upper and neck pains

19   with associated headaches[,]" "marked neck and upper back myofascial pains[,]"

20   "possible carpal tunnel syndrome[,]" and "recent tailbone pain" corroborated by a "pelvis

21   MRI show[ing] notable angulation and degenerative changes at the coccyx." AR 505.

22   Insofar as the ALJ relied on improvements in Plaintiff's lower back pain while ignoring

23   other evidence of Plaintiff's pain symptoms, the ALJ's finding of improvement was not

24

25

supported by substantial evidence. An ALJ may not selectively rely on some evidence that suggests improvement, while ignoring other evidence of symptoms that interfere with work-related functions; context is important when considering whether substantial evidence supports the ALJ's finding that an impairment is less severe than alleged by plaintiff. *Holohan,* 246 F.3d at 1207-1208.

With respect to the ALJ's second reason, an ALJ may rely on evidence that a claimant's impairments did not prevent the claimant from working before the alleged disability onset and remained stable thereafter to find those impairments non-disabling. *Gregory v. Bowen*, 844 F.2d 664, 667 (9th Cir. 1988). Here, the ALJ found that Plaintiff's "fibromyalgia, migraines, and mental health issues [. . .] appear to be longstanding and did not prevent her from working in the past." AR 23. With the exception of Plaintiff's mental health treatment, the ALJ failed to cite any evidence in the record to support the proposition that Plaintiff's fibromyalgia and migraines did not prevent Plaintiff from working. In a 2012 ALJ decision on an earlier SSI claim Plaintiff had filed, Plaintiff's fibromyalgia was found to be a severe impairment and Plaintiff was found incapable of performing past relevant work. *See* AR 70, 76. The ALJ in the present case also found Plaintiff's fibromyalgia to be a severe impairment. AR 19. Without more, the Court cannot conclude that this finding was supported by substantial evidence; thus, it was not a clear and convincing reason to discount Plaintiff's testimony. *Reddick,* 157 F.3d at 722.

Finally, the ALJ found that Plaintiff's complaints were inconsistent with the overall record, including normal physical examinations. AR 23–25. "Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony."

1  *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (citing

2  *Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir.1995)). Here, the ALJ noted that

3  Plaintiff had normal physical exams with normal bulk and tone and full strength in all

4  major muscle groups, negative straight leg raises, normal range of motion in her neck

5  and back, normal reflexes, intact coordination, intact cranial nerves, no sensory deficits,

6  a stable gait, and in no acute distress. AR 23–25 (citing AR 304, 309–11, 313–14, 319–

7  21, 632–33). The ALJ also noted unremarkable diagnostic imaging results and mental

8  status examinations and Plaintiff's ability to drive. AR 23–24 (citing AR 300–03, 309–10,

9  319–20, 573, 581, 636).

10       Plaintiff persuasively notes that the ALJ did not, however, discuss several

11  instances of documented tenderness in the lumbar spine and coccyx. Dkt. 16, p. 17

12  (citing AR 305, 361, 481, 498). In addition, the ALJ's reasoning in relying on normal

13  physical exams does not account for the nature of fibromyalgia, which is characterized

14  by an "absence of symptoms that a lay person may ordinarily associate with joint and

15  muscle pain." *Revels*, 874 F.3d at 656 (quoting *Rollins v. Massanari*, 261 F.3d 853, 863

16  (9th Cir. 2001) (Ferguson, J., dissenting), and Muhammad B. Yunus, "Fibromyalgia

17  Syndrome: Blueprint for a Reliable Diagnosis," *Consultant*, June 1996, at 1260). The

18  condition is diagnosed "entirely on the basis of the patient's reports of pain and other

19  symptoms." *Benecke v. Barnhart*, 379 F.3d 587, 590 (9th Cir. 2004). Thus, normal

20  physical examinations or diagnostic imaging results would not account for Plaintiff's

21  symptoms. Similarly, although the ALJ noted instances in which Plaintiff appeared to be

22  in "no acute distress," but Plaintiff's symptoms are chronic, not acute. Finally, Plaintiff's

23

24

25

1   ability to sporadically drive is not inconsistent with her own testimony, in which she

2   indicated that she drove sparingly. AR 215, 226, 303, 630.

3        The Court has already found that the ALJ committed harmful error in the

4   evaluation of the medical opinion evidence. The ALJ's rejection of Plaintiff's subjective

5   testimony, without giving specific, clear and convincing reasons for such a finding,

6   effected additional error. Accordingly, the ALJ is instructed to re-evaluate Plaintiff's

7   symptom testimony on remand.

8   C.    Remand With Instructions for Further Proceedings

9        "'The decision whether to remand a case for additional evidence, or simply to

10  award benefits[,] is within the discretion of the court.'" *Trevizo v. Berryhill*, 871 F.3d 664,

11  682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If

12  an ALJ makes an error and the record is uncertain and ambiguous, the court should

13  remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045

14  (9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy

15  the ALJ's errors, it should remand the case for further consideration. *Revels*, 874 F.3d

16  at 668.

17       The Ninth Circuit has developed a three-step analysis for determining when to

18  remand for a direct award of benefits. Such remand is generally proper only where

19      "(1) the record has been fully developed and further administrative
20      proceedings would serve no useful purpose; (2) the ALJ has failed to
        provide legally sufficient reasons for rejecting evidence, whether claimant
21      testimony or medical opinion; and (3) if the improperly discredited
        evidence were credited as true, the ALJ would be required to find the
22      claimant disabled on remand."

23  *Trevizo*, 871 F.3d at 682-83 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir.

24  2014)).

25

1    The Ninth Circuit emphasized in *Leon* that even when each element is satisfied,

2    the district court still has discretion to remand for further proceedings or for award of

3    benefits. 80 F.3d at 1045.

4    Here, outstanding issues require resolution before benefits may be awarded.

5    Conflicts exist between the opinions of Drs. Baylor, Staley, and those of the other

6    medical sources, as well as between these opinions and Plaintiff's testimony. AR 23–

7    25. "In any event, the ALJ is the final arbiter with respect to resolving ambiguities in the

8    medical evidence." *Tommasetti*, 533 F.3d 1035, 1042 (9th Cir. 2008) (citing *Andrews v.*

9    *Shalala*, 53 F.3d 1035, 1039–40 (9th Cir. 1995)). Remand is required so that the ALJ

10    may evaluate the medical opinions, as well as any new evidence and any new

11    testimony from Plaintiff, and determine whether Plaintiff is disabled.

12                                   <u>CONCLUSION</u>

13    Based on the foregoing discussion, the Court finds the ALJ erred when he/she

14    determined plaintiff to be not disabled. Defendant's decision to deny benefits therefore

15    is REVERSED and this matter is REMANDED for further administrative proceedings.

16    Dated this 27st day of June, 2022.

17

18

19    *Theresa L. Fricke*

20    Theresa L. Fricke
      United States Magistrate Judge

21

22

23

24

25